**\*AMENDED HLD-015**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2025
_____

IN RE: CALEB L. MCGILLVARY,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1:22-cv-04185)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 5, 2025
Before: CHAGARES, Chief Judge, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed June 13, 2025)
_____

OPINION[*]
_____

PER CURIAM

Caleb McGillvary has filed a petition for a writ of mandamus. For the reasons that

follow, we will dismiss the petition as moot.

In 2019, McGillvary was convicted of first-degree murder in New Jersey and was

sentenced to 57 years in prison. In June 2022, after an unsuccessful direct appeal,

McGillvary filed a petition pursuant to 28 U.S.C. § 2254 in the United States District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the District of New Jersey. In March 2023, the State of New Jersey filed its response. McGillvary filed several motions to recuse the District Judges assigned to the proceedings, and the habeas proceedings were reassigned. The proceedings were reassigned to the current District Judge in July 2024. In November 2024, a Magistrate Judge issued a Report and Recommendation in which he recommended that the petition be denied. After McGillvary objected to the Report and Recommendation, and the State responded to his Objections, an Amended Report and Recommendation was issued on May 15, 2025.[1] McGillvary then filed this mandamus petition, which is dated May 19, 2025. In his petition, McGillvary requests that we order the District Court to adjudicate his § 2254 petition.

On June 6, 2025, the District Court entered an order denying McGillvary's § 2254 petition. As the District Court has decided the petition, McGillvary's request that we order it to do so is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

For the above reasons, we will dismiss the petition for a writ of mandamus as moot.

---

[1] The Magistrate Judge indicated that the Amended Report and Recommendation corrected some erroneous citations but made no substantive changes.